UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**FILED**
NOV 0 7 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | No. CR 03-30108 |
| ) | Title 18, United States Code, |
| GARY LEE WIKELIUS, ) | Section 2422(a) & 2423(a) |
| ) | CR 11-333 PAM |
| Defendant. ) | |

## INDICTMENT

### COUNT ONE
(Enticing a Minor to Engage in Sex)

**THE GRAND JURY CHARGES:**

1. At all times material to this indictment:

   a. Minnesota Criminal Statute, Chapter 609, Section 609.344 prohibited any person from engaging in sexual penetration of a minor who was at least 13 years old but less than 16 years old if the perpetrator was more than 24 months older than the victim.

   b. GARY LEE WIKELIUS was 47 years old.

   c. The girl identified herein as "Jane Doe" had not attained the age of 18 years in that she was only 15 years old.

   d. WIKELIUS lived in Minneapolis, Minnesota, where he subscribed to an Internet access provider and used the screen names "nmhardman" and "Mellowolderguy."

A TRUE COPY
ATTEST:
PAMELA E. ROBINSON, CLERK
BY: D. Meadows
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE:

SCANNED
NOV 04 2011
U.S. DISTRICT COURT ST. PAUL

2. In and about July 2001, GARY LEE WIKELIUS wrote and sent e-mail messages to "Jane Doe" stating, among other things, that he "had thoughts about being with girls your age" and making arrangements to travel by car from Minnesota to central Illinois to meet "Jane Doe" away from her home and take her back to Minnesota with him.

3. In or about July 2001, in Morgan County, in the Central District of Illinois,

GARY LEE WIKELIUS,

knowingly persuaded, induced, enticed, and attempted to persuade, induce and entice the individual identified in this Indictment as "Jane Doe" by means of e-mail messages, internet chatroom communication, and by other means to travel in interstate commerce to engage in sexual activity for which the defendant WIKELIUS could have been charged with a criminal offense, namely, the offense of Criminal Sexual Conduct in the Third Degree, in violation of Minnesota Statute, Chapter 609, Section 609.344, Subdivision 1(b) and (d).

In violation of Title 18, United States Code, Section 2422(a).

## COUNT TWO
(Transportation of a Minor with Intent to Engage in Sex)

**THE GRAND JURY CHARGES:**

1. The Grand Jury re-alleges and incorporates by reference Paragraph 1 of Count One as though fully set forth herein.

2. On or about July 14, 2001, the defendant GARY LEE WIKELIUS rented an automobile from a car rental agency in Minneapolis, Minnesota, and drove to a park in Morgan County, Illinois, where he met "Jane Doe" away from her home, by prior arrangement over the internet.

3. On or about July 14, 2001, in Morgan County in the Central District of Illinois and elsewhere,

GARY LEE WIKELIUS,

did knowingly transport in interstate commerce from Illinois to Minnesota the individual referred to in this Indictment as "Jane Doe," who had not attained the age of 18 years, with the intent that "Jane Doe" engage in a sexual activity for which the defendant WIKELIUS could have been charged with a criminal offense, namely, the offense of Criminal Sexual Conduct in the Third Degree, in violation of Minnesota Statute, Chapter 609, Section 609.344, Subdivision 1(b) and (d).

In violation of Title 18, United States Code, Section 2423(a).

A TRUE BILL.

*Susan C. Wood*

FOREPERSON

*Jan Harris for*

JAN PAUL MILLER
United States Attorney
gkh

AO 245B8 (Rev. 8/01) Judgment in a Criminal Case (CDIL)
Sheet 1

**E-FILED**
Tuesday, 26 October, 2004 03:59:15 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

__Central__ District of __Illinois__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| **GARY LEE WIKELIUS** | Case Number: 03-30108-001-REDACTED |
| | Karl Bryning |
| | Defendant's Attorney |

## THE DEFENDANT:

[x] pleaded guilty to count(s) 2

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §2423(a) | Transportation of a Minor with Intent to Engage in Sex | July 14, 2001 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[x] Count(s) 1 is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: XXX-XX-7770

Defendant's Date of Birth: 1954

Defendant's USM No.: 11309-041

Defendant's Residence Address:

Watkins, Minnesota 55389

Defendant's Mailing Address:

Same as above

October 22, 2004
Date of Imposition of Judgment

s/Jeanne E. Scott
Signature of Judicial Officer

JEANNE E. SCOTT,
United States District Judge
Name and Title of Judicial Officer

October 26, 2004
Date

A TRUE COPY
ATTEST:
PAMELA E. ROBINSON, CLERK
BY: D Meadows
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 10/27/2011

Judgment — Page 2 of 6

DEFENDANT: GARY LEE WIKELIUS
CASE NUMBER: 03-30108-001-REDACTED

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 121 Months.

☒ The court makes the following recommendations to the Bureau of Prisons:
1. That the defendant be placed in a Sex Offender Treatment Facility where he can take advantage of most intensive sex offender program.
2. As close to Wisconsin as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
 ☐ at _____ ☐ a.m. ☐ p.m. on _____
 ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
 ☐ before on _____
 ☐ as notified by the United States Marshal.
 ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 8/01) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page **3** of **6**

DEFENDANT: GARY LEE WIKELIUS
CASE NUMBER: 03-30108-001-REDACTED

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  3 years

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from any _____ use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 8/01) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT: GARY LEE WIKELIUS
CASE NUMBER: 03-30108-001-REDACTED

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall have no unsupervised contact with minor children under the age of 18.

2. The defendant shall participate in a sex offender treatment program, which may include physiological testing to determine his sexual orientation and patterns of sexual arousal. He shall pay for such services as directed by the probation officer.

3. The defendant shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by the probation officer and shall take any and all prescribed medications as directed by the treatment providers. The defendant shall pay for these services as directed by the probation officer.

4. The defendant shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

5. The defendant shall register with the state sex offender registration agency in any state where he resides, is employed, carries on a vocation, or is a student, as directed by the probation officer.

6. The defendant shall not receive or transmit child pornography via the Internet or visit any web site, including chat rooms or bulletin boards, containing any pornography, including child pornography. He shall install filtering software on any computer he possesses or uses which will monitor/block access to sexually-oriented web sites. He shall allow the probation officer unannounced access to any computer he possesses or uses to verify that the filtering software is functional.

7. The defendant shall participate in a program of job training or employment counseling as directed by the probation officer.

8. If the defendant is unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, he shall perform at least 20 hours of community service work per week at the direction of and in the discretion of the U. S. Probation Office until gainfully employed.

AO 245B   (Rev. 8/01) Judgment in a Criminal Case 3:03-cr-30108-SEM-BGC   # 20   Page 5 of 6
            Sheet 4 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT:    GARY LEE WIKELIUS
CASE NUMBER:  03-30108-001-REDACTED

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| TOTALS | $100.00       | $        | $               |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|------------------------------------------|
|               |                      |                               |                                          |
|               |                      |                               |                                          |
|               |                      |                               |                                          |
|               | $0.00                | $0.00                         |                                          |
| **TOTALS**    | $ 0.00               | $ 0.00                        |                                          |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/01) Judgment in a Criminal Case 3:03-cr-30108-SEM-BGC  # 20   Page 6 of 6
Sheet 4A — Criminal Monetary Penalties

Judgment — Page 6 of 6

DEFENDANT: GARY LEE WIKELIUS
CASE NUMBER: 03-30108-001-REDACTED

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [x] Lump sum payment of $ 100.00 due immediately, balance due

   [ ] [ ] not later than _____, or
       [ ] in accordance with [ ] C, [ ] D, or [ ] E below; or

B  [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] E below); or

C  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

United States District Court
Account Summary

10/25/2011

WIKELIUS, GARY LEE          Case Number    0753 3 0330108 001
18 WATKINS TRAILER COURT    Assessment            100.00
WATKINS, MN  55389          Fine                    0.00
                            Restitution             0.00

Special Assessment - 504100

| Payment date | Receipt | Payment by | Payment | Interest | Total Due |
|---|---|---|---|---|---|
| 04/05/2005 | 144127 | BOP | 25.00 | | 75.00 |
| 07/01/2005 | 144140 | BOP | 30.00 | | 45.00 |
| 08/01/2005 | 144144 | BOP | 30.00 | | 15.00 |
| 09/06/2005 | 144148 | BOP | 15.00 | | 0.00 |

A TRUE COPY
ATTEST:
PAMELA E. ROBINSON, CLERK
BY: D. Meadows
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 10/25/2011

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Springfield)
## CRIMINAL DOCKET FOR CASE #: 3:03-cr-30108-SEM-BGC-1

Case title: USA v. Wikelius

Date Filed: 11/07/2003
Date Terminated: 10/22/2004

Assigned to: Judge Sue E. Myerscough
Referred to: Magistrate Judge Byron G. Cudmore

### Defendant (1)

**Gary Lee Wikelius**
*TERMINATED: 10/26/2004*

represented by **Karl W Bryning**
FEDERAL PUBLIC DEFENDER
Suite 1500
401 Main St
Peoria, IL 61602
309-671-7891
Fax: 309-671-7898
Email: Karl_Bryning@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

### Pending Counts

18:2423.F COERCION OR ENTICEMENT OF MINOR FEMALE - On or about July 14, 2001 defendant transported a minor with the intent to engage in sex in violation of 18:2423(a)(2)

### Disposition

Defendant sentenced to 121 months imprisonment; 3 years supervised release; $100 special assessment.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

18:2422.F COERCION OR ENTICEMENT OF FEMALE - On or about July 2001, in Morgan County, Illinois, defendant knowingly enticed a

### Disposition

Dismissed upon motion of government.

minor to engage in sex in violation of
18:2422(a)
(1)

### Highest Offense Level (Terminated)

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

### Plaintiff

| | | |
|---|---|---|
| USA | represented by | **Gregory K Harris**<br>US ATTY<br>318 S Sixth<br>Springfield, IL 62701-1806<br>217-492-4450<br>Fax: 217-492-4512<br>Email: gregory.harris@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/22/2004 | 19 | STIPULATION/SENTENCING AGREEMENT by USA, Gary Lee Wikelius as to Gary Lee Wikelius. (CT, ilcd) (Entered: 10/25/2004) |
| 10/22/2004 | | ORAL MOTION to Dismiss count 1 by USA as to Gary Lee Wikelius. (CT, ilcd) (Entered: 10/25/2004) |
| 10/22/2004 | | Minute Entry for proceedings held before Judge Jeanne E. Scott : SENTENCING HEARING. Defendant present in person and with his attorney, Karl Bryning. Greogory Harris present for government. Defendant advised of the Blakely issue. Parties submitted a sentencing agreement. Defendant waived jury trial on enhancement issues. With no objections, Court adopted the factual findings of the plea agreement. Arguments of counsel heard regarding sentencing. Government's motion to dismiss count 1 granted. Defendant exercised his right of allocution and addressed the Court. Count 1, Dismissed upon motion of government.; Count(s) 2, Defendant sentenced to 121 months imprisonment; 3 years supervised release; $100 special assessment. In accordance with the procedure recommended in Booker, the Court announced that it would impose a sentence of 10 years with the same term of supervised release, if the sentencing guidelines were found to be unconstitutional. Rights of appeal waived. Defendant remanded to the custody of the US Marshals. (Court Reporter KS.) (CT, ilcd) (Entered: 10/25/2004) |
| 10/26/2004 | 20 | JUDGMENT as to Gary Lee Wikelius (1), Count(s) 1, Dismissed upon motion of government.; Count(s) 2, Defendant sentenced to 121 months imprisonment; 3 |

| | | |
|---|---|---|
| | | years supervised release; $100 special assessment. Entered by Judge Jeanne E. Scott on October 26, 2004. (CT, ilcd) (Entered: 10/26/2004) |
| 10/26/2004 | 21 | +++ SEALED DOCUMENT. (CT, ilcd) (Entered: 10/26/2004) |
| 10/27/2004 | 22 | +++ PRESENTENCE INVESTIGATION REPORT as to Gary Lee Wikelius (CT, ilcd) (Entered: 10/27/2004) |
| 10/27/2004 | 23 | +++ SENTENCING RECOMMENDATION as to Gary Lee Wikelius. (CT, ilcd) (Entered: 10/27/2004) |
| 10/27/2004 | 24 | +++ STATEMENT OF REASONS FOR IMPOSING SENTENCE as to Gary Lee Wikelius (CT, ilcd) (Entered: 10/27/2004) |
| 10/29/2004 | 25 | arrest Warrant Returned Executed on 11/13/03. as to Gary Lee Wikelius. (MC, ilcd) (Entered: 11/02/2004) |
| 11/23/2004 | 26 | Judgment Returned Executed as to Gary Lee Wikelius on 11/16/04. (MC, ilcd) (Entered: 11/23/2004) |
| 01/24/2006 | 27 | Receipt for PSR AND SENT RECOMMENDATION FROM USPO as to Gary Lee Wikelius. (MC, ilcd) (Entered: 01/24/2006) |
| 08/18/2011 | | TEXT ORDER: Pursuant to instructions from Chief U.S. District Judge Michael P. McCuskey, this case is transferred to U.S. District Judge Sue E. Myerscough for further proceedings due to her recent appointment as U.S. District Judge for the Central District of Illinois, Springfield Division. Entered on 8/18/2011. (ME, ilcd) (Entered: 08/18/2011) |
| 08/18/2011 | 28 | REQUEST AND ORDER for Modifying the Conditions or Term of Supervision with Consent of the Offender as to Gary Lee Wikelius. Entered by Judge Sue E. Myerscough on 8/18/11. (ME, ilcd) (Entered: 08/18/2011) |
| 10/24/2011 | 29 | Supervised Release Jurisdiction Transferred to United States District Court for the District of Minnesota as to Gary Lee Wikelius. (DM, ilcd) (Entered: 10/25/2011) |
| 10/24/2011 | 30 | +++ SEALED DOCUMENT - ORIGINAL DOCUMENT--TRANSFER OF JURISDICTION--UNREDACTED (DM, ilcd) (Entered: 10/25/2011) |
| 10/27/2011 | 31 | Letter to Clerk of the Court, District of Minnesota, sending original transfer of jurisdicton and certified copies of Indictment, Judgment, docket sheet and financial ledger. (DM, ilcd) (Entered: 10/28/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/04/2011 13:52:07 | | | |
| PACER Login: | us8632 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:03-cr-30108-SEM-BGC |

| Billable Pages: | 3 | Cost: | 0.24 |